UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

                                   Plaintiff,

          -v-

JOHN DOE subscriber assigned IP
address 108.54.226.204,

                                   Defendant.

21-CV-1841 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Strike 3 Holdings, LLC alleges that unidentified Defendant "John Doe" distributed Plaintiff's copyrighted movies in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. (Dkt. No. 1.)  The movies at issue contain pornographic material.  Plaintiff filed a motion seeking permission to take expedited discovery from third-party Internet Service Provider Verizon Fios, to identify John Doe's name and address.  (Dkt. No. 6.)

The Court concludes that there is good cause to allow some expedited discovery in this case because, without it, Plaintiff will not be able to ascertain the identity of John Doe or to effect service.  Absent a court-ordered subpoena, Verizon Fios, which qualifies as a "cable operator" for purposes of 47 U.S.C. § 522(5), is effectively prohibited by 47 U.S.C. § 551(c) from disclosing John Doe's identity to Plaintiff.  *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241–42 (S.D.N.Y. Jan. 30, 2012) ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers.").

The Court concludes, however, that the proposed order submitted by Plaintiff does not provide adequate safeguards to John Doe.  As this Court explained in a previous action, "[t]he fact that a copyrighted work was illegally downloaded from a certain IP address does not

1

necessarily mean that the owner of the IP address was the infringer." *Malibu Media, LLC v. Does 1-5*, No. 12 Civ. 2950, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012) (citing *In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-3995, 12-1147, 12-1150, 12-1154, 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012)).  The true infringer could be a third party who had access to the internet connection, such as a child, neighbor, or houseguest.  *Id.*  Thus, there is a real risk in a case such as this one that a defendant might be falsely identified and forced to defend himself against unwarranted allegations, or even coerced into an unjust settlement.

This risk is exacerbated by the subject matter of this case.  "[T]he nature of the alleged copyright infringement—the downloading of an admittedly pornographic movie—has the potential for forcing coercive settlements, due to the potential for embarrassing the defendant[], who face[s] the possibility that plaintiff's thus-far-unsubstantiated and perhaps erroneous allegation will be made public."  *Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012); *see also Next Phase Distribution, Inc. v. Does 1-138*, No. 11 Civ. 9706, 2012 WL 691830, at *2 (S.D.N.Y. Mar. 1, 2012) (noting "the highly sensitive nature and privacy issues that could be involved with being linked to a pornography film").

In light of these concerns, the proposed order submitted by Plaintiff does not provide adequate protections for John Doe.  Accordingly, it is hereby

ORDERED that Plaintiff is allowed to conduct immediate discovery on Verizon Fios with a subpoena under Federal Rule of Civil Procedure 45 seeking John Doe's name and current and permanent address.  The subpoena shall have a copy of this order attached.

IT IS FURTHER ORDERED that Plaintiff shall immediately serve a copy of this order on Verizon Fios and that Verizon Fios shall serve a copy of this order on John Doe.  Verizon Fios may serve John Doe using any reasonable means, including written notice sent to John Doe's last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that John Doe shall have 60 days from the date of service of this order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  Verizon Fios may not turn over John Doe's identifying information to Plaintiff before the expiration of this 60-day period.  Additionally, if John Doe or Verizon Fios files a motion to quash the subpoena, Verizon Fios may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing Verizon Fios to resume in turning over the requested discovery.

IT IS FURTHER ORDERED that if that 60-day period lapses without John Doe or Verizon Fios contesting the subpoena, Verizon Fios shall have 10 days to produce the information responsive to the subpoena to Plaintiff.  If John Doe moves to quash or modify the subpoena, or to proceed anonymously, he or she shall at the same time as his or her filing also notify Verizon Fios so that Verizon Fios is on notice not to release John Doe's contact information to Plaintiff until the Court rules on any such motions.

IT IS FURTHER ORDERED that Verizon Fios shall preserve any subpoenaed information pending the resolution of any timely motion to quash.

IT IS FURTHER ORDERED that Verizon Fios shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena.  If Verizon

Fios elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

IT IS FURTHER ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its complaint.

The Clerk of Court is directed to close Docket No. 6.

SO ORDERED.

Dated: March 10, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge